# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5784-GW-ASx | Date | October 13, 2023 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS :   IN CHAMBERS - FURTHER CONSIDERATION OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT [40] FOLLOWING SUPPLEMENTAL BRIEFING**

Attached hereto is the Court's Further Consideration of Plaintiff's Motion [40] set for hearing on October 16, 2023 at 8:30 a.m.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | JG | |

***AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.***, 2:22-cv-05784-GW-(ASx)
Further Consideration of Motion for Default Judgment Following Supplemental Briefing

The Court has reviewed the Supplemental Memorandum of Law in Support of Motion for Default Judgment, *see* Docket No. 46, filed following the Court's initial default judgment hearing (and associated distribution of a tentative ruling) in this case, *see* Docket Nos. 43, 45. Its resulting conclusions are as follows:

- Although the Court is *decidedly unconvinced* by the reasoning presented in cases such as *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974) – the ultimate "upstream" published opinion supporting the approach taken in Plaintiff's cited case of *Syntex Healthcare Prods. Co., Ltd. v. McCreless Enterprises, LLC*, No. EDCV 21-593 JGB (SPx), 2023 WL 4503528, *8 (C.D. Cal. June 2, 2023), which itself cited an unpublished, nonprecedential Ninth Circuit memoranda disposition as support for the approach taken – on the question of whether the damages dollar figure sought by this default judgment application "exceed[s] in amount" the *complete absence* of a dollar figure pled in Plaintiff's Complaint, *Henry* is published precedent in this Circuit. As a result, the Court will issue damages here (though it believes, in doing so, it runs afoul of the plain language of Federal Rule of Civil Procedure 54(c)). It will do so in the amount of the revenue figure identified, $2,787,089.00, *see* Declaration of Mohan Ahaus, Docket No. 40-3, ¶¶ 12-16, as Defendant has not appeared so as to offset that figure, as would be its burden in a litigated case. *See* 15 U.S.C. § 1117(a) ("In assessing [defendant's] profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.").

- Plaintiff is "entitled" to an attorney's fee award, as its supplemental brief claims. *See* Docket No. 46, at 6:8. To obtain such a remedy, the case must be deemed "exceptional." *See* 15 U.S.C. § 1117(a). The Court will determine this case to be exceptional, but not simply because Defendant has defaulted. If that were the rule applied, then necessarily every default judgment in a case covered by 15 U.S.C. § 1117(a) would be deemed

"exceptional," which would at the very least rob that term of virtually any meaning. Instead, here the Court will reach the "exceptional" conclusion because of the allegations which make it clear that Defendant was attempting to profit off of Plaintiff's system and products by making false claims about its own products and specifically tying them to Plaintiff and its system, combined with proof that Defendant's sales continued well-after this lawsuit was filed and also after Plaintiff effected service. *See* Ahaus Decl. ¶ 16; Declaration of Peter J. Farnese, Docket No. 32, ¶¶ 9-10. The Court will award attorney's fees in the amount of $59,341.78 (($2,687,089.00 x .02) + $5,600.00 = $59,341.78). *See* C.D. Cal. L.R. 55-3.

- For the reasons expressed in the earlier tentative ruling, the Court will issue injunctive relief. While the Court has been convinced by certain of the arguments presented in Plaintiff's supplemental brief on the topic of what provisions are permissible in that regard, it is still troubled by certain vague/open-ended language. As a result, the following pages/lines in Docket No. 46-1 will have to be amended, as follows: 4:22-24 (beginning "or any confusingly" through "ADF3002, etc.)") change to "or the terms "Air Dr.", "Air Doctor", AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002"; 5:5-6, replace "any confusingly similar terms or phrases" with "the terms listed in paragraph 21.c above"; 5:10-11, replace "any confusingly similar terms or phrases" with "the terms listed in paragraph 21.c above"; 7:21-22, replace "any confusingly similar terms or phrases (e.g. "Air Dr.", "Air Doctor", AD3000)" with "or the terms "Air Dr.", "Air Doctor", AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002".

Upon Plaintiff's preparation of a further [Proposed] Judgment incorporating the foregoing, the Court will issue the default judgment it has contemplated and approved.