JS-6

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN QICHUANG TRADE CO., LTD., <br><br> Defendants. | CASE NO. CV 22-5784-GW-ASx <br><br> **FINAL JUDGMENT AND ORDER** |

This matter came before the Court on the motion by Plaintiff AIRDOCTOR, LLC (hereafter "Plaintiff" or "AirDoctor") for entry of default judgment against Defendant XIAMEN QICHUANG TRADE CO., LTD. (hereafter "Defendant(s)").  The Court, having reviewed the motion, all papers in support and opposition, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1125.

2. This Court has jurisdiction over these claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

4. Plaintiff AirDoctor, LLC is a Delaware limited liability company with its principal place of business in Sherman Oaks, California.

5. Defendant is a foreign individuals/entity located in China.

6. AirDoctor is the owner of federal trademark registrations covering its AIRDOCTOR[1] and ULTRAHEPA trademarks. Plaintiff AirDoctor owns U.S. Trademark Reg. No. 5177385 for AIRDOCTOR in Class 11 ("AIRDOCTOR Registration" and "AIRDOCTOR Mark", respectively) and U.S. Trademark Reg. No. 6300545 for ULTRAHEPA in Class 11 ("ULTRAHEPA Registration" and "ULTRAHEPA Mark", respectively).

7. Defendant operates the storefront, "Replacement Filter" where it sells the substandard, imitation replacement filters under the "FCFMY" brand (the "Substandard Filters") on Amazon.com. Dkt. No. 1, Compl. at ¶¶42-43.  On Amazon.com, Defendant advertises that its Products are "HEPA" grade, are "compatible" with Plaintiff's AirDoctor Air Purifiers, "remove 99.97% of airborne particles down to 0.3 microns in size" and "fit snugly" in the AirDoctor Air Purifier.  Dkt. No. 1 at ¶¶44-47, Exs. H-I.

8. In its advertising and packaging of the Substandard Filters, Defendant conveys the message to consumers that its Substandard Filters meet the HEPA standard

---

[1] Unless otherwise noted, the Capitalized terms herein shall have the meaning assigned to them in the Complaint (Dkt. No. 1).

to trap 99.97% of airborne particles with a size of 0.3 microns. *Id*. at ¶¶48-49. Moreover, by claiming its Substandard Filters are "compatible" and "fit" AirDoctor units, Defendant indicates that its Substandard Filters perform just as Plaintiff's AirDoctor UltraHEPA Filters do within the AirDoctor Air Purifiers, and that they properly fit in the AirDoctor Air Purifiers to maintain a sealed system. *Id*. at 49.

9.  Third-party laboratory testing of the Substandard Filters showed that the Substandard Filters do not meet the meet the minimum HEPA standard to filter 99.97% of particles as small as 0.3 microns when used in the AirDoctor Air Purifiers and that the Substandard Filters fail to meet the performance and efficiency of genuine AirDoctor UltraHEPA filters.

10. The Substandard Filters are not "compatible" or "fit" AirDoctor Air Purifiers because the Substandard Filters use frames made from paper and foam which do not form a proper seal in the AirDoctor Air Purifier unit and, thereby, allow unfiltered air to pass directly between the frame and filter materials which significantly reduces the performance of the Substandard Filters and the AirDoctor Air Purifiers, and do not filter air in a "compatible"/equivalent manner to genuine AirDoctor UltraHEPA filters.

11. The industry-standard, third-party product research firm Helium-10, reports that from December 2021 through June 2023, Defendant has sold 43,863 units of the Substandard Filters.

12. On April 18, 2023, the Court granted Plaintiff's application for an order authorizing alternative service of process. Dkt. 27.

13. In accordance with the Court's order, Plaintiff served the summons and complaint on Defendant, but Defendant has not responded to the Complaint or otherwise appeared or participated in this action. *See* Dkt. 32, 35.

14. Because Defendant failed to appear or otherwise file a responsive pleading to the Complaint, Plaintiff requested entry of default on June 21, 2023. Dkt. 35. The Clerk entered Defendant's default on June 22, 2023. Dkt. 36.

15. Defendant is not a minor, infant, or otherwise incompetent person, and the Servicemembers Civil Relief Act does not apply. *Id*.

16. Under Federal Rule of Civil Procedure 55(b)(2), because Defendant has not appeared in these proceedings, notice of default judgment proceedings is not required.

17. Because Defendant failed to appear or otherwise file a responsive pleading to the Complaint, Plaintiff requested entry of default on June 21, 2023. Dkt. 35. The Clerk entered Defendant's default on June 22, 2023. Dkt. 36.

18. For the reasons stated by the Court in: (1) the Court's September 5, 2023 Tentative Ruling on Plaintiff's Motion For Entry of Default Judgment Against Defendant (Dkt. 43); (2) the Court's October 13, 2023 Revised Further Consideration of Plaintiff's Motion For Entry Of Default Judgment Against Defendant Following Supplemental Briefing (Dkt. 50); (3) the Court's September 7, 2023 hearing on Plaintiff's Motion for Entry of Default Judgment Against Defendant (Dkt. 45); (4) the Court's October 16, 2023 hearing on Plaintiff's Motion for Entry of Default Judgment Against Defendant (Dkt. 53) and (5) the Court's November 20, 2023 hearing on Plaintiff's Motion for Entry of Default Judgment Against Defendant (Dkt. 56), Plaintiff's request for damages under the Lanham Act in the form of sales of its own AirDoctor UltraHEPA Filters and/ or Defendant's revenues on its sales of the Substandard Filters is denied.

19. While this Court finds that this case is "exceptional" under the Lanham Act, because an award of attorneys' fees set forth in Local Rule 55-3 is based on the damages awarded, and no damages can be awarded pursuant to Fed R. Civ P. 54(c), Plaintiff's request for attorney's fees is likewise denied.

20. The Court grants Plaintiff's request for a permanent injunction ("Permanent Injunction") as follows:

21. Defendants, including any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, parent corporations and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants (including, without limitation, the Amazon.com storefront

"Replacement Filter" and any and all related Amazon.com storefront(s), including, without limitation, those owned and/or operated by Defendants) and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (collectively the "Enjoined Persons"), are, within 14 days after the issuance of this Permanent Injunction, hereby permanently restrained and enjoined from:

a. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or otherwise possessing any Substandard Filters;

b. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or otherwise possessing any Substandard Filters and/or incompatible replacement filter for any AirDoctor Air Purifier that expressly or impliedly uses the any of the following claims:

   i. "HEPA";
   ii. "HEPA Filter";
   iii. "True HEPA";
   iv. "TRUE HEPA FILTER"
   v. "H13 True HEPA Filter"
   vi. "We promise to use H13 true HEPA filter which is approved to remove 99.97% of airborne particles down to 0.3 microns in size";
   vii. "Our filter is compatible with air purifier doctor models AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002";
   viii. Is "compatible with" or "for" AirDoctor Air Purifiers;
   ix. "Fits" or "Fits Snugly for AD3000 Air Purifier"; and
   x. Provides the same or equivalent performance to AirDoctor UltraHEPA Filters.

    c. Using the terms "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms "Air Dr.", "Air Doctor", AD3000, AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002, to advertise, market, offer to sell, or sell the Substandard Filters specifically, or any incompatible replacement air filters, generally;

    d. Making any false statements or representations or engaging in any other activity that suggests that Defendant, its products, or its business is in any way affiliated with or approved, licensed, endorsed, or sponsored by AirDoctor (or any parent, subsidiary, or affiliate of AirDoctor);

    e. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms listed in Paragraph 21(c) above, in any internet advertising for listings for the Substandard Filters specifically, or incompatible replacement air filters, generally;

    f. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms listed in Paragraph 21(c) above, as SEO terms for search engine searches to advertise listings for the Substandard Filters specifically, or incompatible replacement air filters, generally;

    g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred above in Subparts 21(a) – (f), above.

22. Within 14 days following issuance of this Permanent Injunction, the Enjoined Persons shall include the following disclaimer on all future advertising and packaging the Substandard Filters, or any replacement filters intended for use in AirDoctor Air Purifiers, in bold, clear and prominent text:

> **This is not a product manufactured, sold or otherwise associated with the manufacturer. This product does not meet HEPA filtration standards or the performance standards of the manufacturer's genuine filters when used in your air purifier. Use of this product will reduce the performance of your air purifier, may damage the unit, and voids the manufacturer warranty.**

23. In addition, Defendant shall provide the following corrective statement in the form attached as **Exhibit A** to all retailers, e-commerce websites, brokers, distributors, dealers, wholesalers, importers, influencers, and customers who have purchased the Substandard Filters.

24. Within 14 days following the issuance of the Permanent Injunction, all Enjoined Persons shall remove, from all physical or web-based points of sale, all of Substandard Filters that use any of the terms set forth in Paragraph 21(b), above.

25. Plaintiff may serve notice of this judgment on Defendant via any of the alternative means previously approved by the Court.

IT IS SO ORDERED.

Dated: December 12, 2023

Hon. George H. Wu
United States District Judge

# EXHIBIT A

TO:         Our Customers and Retail Partners

SUBJECT:   Corrective Statement Relating to the Advertising and Promotion of FCFMY Relacement Filters

On August 15, 2022, AirDoctor LLC filed a civil lawsuit against Xiamen Qichuang Trade Co., Ltd. alleging false and deceptive advertisng of its FCFMY brand replacement filters it marketed for use in AirDoctor's AD3000 Air Purifier ("Lawsuit").  On [INSERT DATE OF DEFAULT JUDGMENT], the United States District Court for the Central District of California entered a default judmgent against Xiamen Qichuang Trade Co., Ltd.

As part of the default judgment, the Court issued a permanent injunction enjoining Xiamen Qichuang Trade Co., Ltd. from selling, offering to sell, marketing, promoting, or advertising its FCFMY brand replacement filters as "HEPA" filters, "compatible with", "fit", or provide equivalent performance to AirDoctor's genuine UltraHEPA filters. ("Permanent Injunction"). Attached as **Exhibit 1** to this letter is a copy of the Permanent Injunction.

The Court further ordered removal, from all physical or web-based points of sale, all incompatible air filters that use any of the terms set forth in the Permanent Injunction, including "HEPA"; "HEPA Filter"; "True HEPA"; "TRUE HEPA FILTER"; "H13 True HEPA Filter"; or use of "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms "Air Dr.", "Air Doctor", AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002, to advertise, market, offer to sell, or sell the incompatible air filters specifically identified in the Lawsuit, or other incompatible replacement air filters.